# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**BUJAR HYSKAJ, individually and on behalf of
all other persons similarly situated,**

**Plaintiff,**

**vs.**

**Case No:**

**NEW YORK NEW YORK PIZZA, LLC, a
Florida Limited Liability Company, and
MAMUDI FERIT, individually, and
ARBER NOVAKU, individually,**

**Defendants.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff BUJAR HYSKAJ ("**Mr. Hyskaj**" or "**Plaintiff**"), individually and on behalf of

all others similarly situated (the proposed "Collective"), files this Complaint against Defendants

NEW YORK NEW YORK PIZZA, LLC, f/k/a, Prevalla Restaurant Management, LLC (sometime

referred to as the "**Corporate Defendant**"), Mr. Mamudi Ferit ("**Mr. Ferit**"), individually, and

Mr. Arber Novaku ("**Mr. Novaku**"), individually (Mr. Ferit and Mr. Novaku are sometimes

collectively referred to as the "**Individual Defendants**" and the Corporate and Individual

Defendants are collectively referred to herein as the "**Defendants**"), seeking all available relief

under Fla. Const. Art. X Sec 24 and Section 448.110, Florida Statutes, also known as the Florida

Minimum Wage Act ("**FMWA**"), the Fair Labor Standards Act of 1938 ("**FLSA**"), 29 U.S.C. §§

201, *et. seq*., and Florida common and statutory law. The following allegations are based on the

personal knowledge of Plaintiff's own conduct and experiences, and they are made on information

and belief as to the conduct and experiences of others.

1

## SUMMARY OF THE ACTION

1.     This is an action to recover, among other things claimed below, unpaid overtime wages, unpaid minimum wages, liquidated damages, and attorneys' fees and costs pursuant to the FMWA on behalf of Plaintiff, and the FLSA on behalf of Plaintiff and the Collective that includes Mr. Hyskaj and other current and former employees, cooks or bakers (as well as people who work or worked in similar positions but under different job titles, collectively referred to herein as the "**NY Employees**"), who worked without receiving wages for all hours worked or who worked more than 40 hours in any workweek at any pizzeria operated as a "New York New York Pizza" (collectively referred to as "**NY Pizzeria**") in the Tampa Bay area, and who elect to opt into this action pursuant to Section 16(b) of the FLSA.

2.     This action seeks to hold the Corporate and Individual Defendants jointly and severally liable for unpaid overtime wages, unpaid minimum wages, liquidated damages, and attorneys' fees and costs pursuant to the FLSA (as to the Plaintiff and Collective), and (as to the Plaintiff) pursuant to the FMWA and Florida law.

3.     The Corporate and Individual Defendants are an "employer," as defined under the FMWA and FLSA, as they have operational control and are directly involved in decisions affecting employee compensation and hours worked by employees, such as the Plaintiff. Moreover, the Individual Defendants controlled the purse strings of the Corporate Defendant.

## JURISDICTION AND VENUE

4.     This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5.      This Court is a proper venue pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District and Plaintiff resides in this District. In addition, this Court has jurisdiction over Defendants because they all reside in this district, and/or because Defendants are subject to this Court's personal jurisdiction pursuant to 28 U.S.C. § 1391.

6.      This is an action in excess of $15,000 (exclusive of fees and interest) by Plaintiff against his former employer for violation of the FMWA and FLSA, and for unjust enrichment and retaliation pursuant to Florida law; and, Plaintiff seeks damages and his reasonable attorney's fee. Plaintiff requests supplemental jurisdiction be extended over his related state law claims under 28 U.S.C. § 1367.

7.      Plaintiff has satisfied all conditions precedent to filing this action or the same have been waived.

## THE PARTIES

8.      Plaintiff is an individual who is a resident of Hillsborough County, Florida; and, he is a former employee of the Corporate Defendant.

9.      Defendant NY Pizzeria is a Florida limited liability company with a principal place of business at 1512 East 7th Avenue, Tampa, FL 33605. However, NY Pizzeria has multiple locations in the Tampa Bay area: *see, e.g.,* http://nynypizzeria.com/locations/ (which is incorporated by reference).

10.     At all times relevant herein, NY Pizzeria was an employer within the meaning of the FMWA and within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d); NY Pizzeria was an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r); and, NY

Pizzeria was an enterprise engaged in commerce or the production of goods for commerce within the meaning of Section 3(s) of the FLSA because it has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have moved in or were produced for commerce by any person, 29 U.S.C. § 203(s).

11.     Defendant NY Pizzeria is believed to have made more than $500,000 in the three (3) years preceding the filing of this lawsuit.

12.     NY Pizzeria is engaged in interstate commerce by regularly marketing and selling to individuals beyond Florida's boarders (*see e.g.,* http://nynypizzeria.com), by regularly purchasing, importing and using supplies from beyond Florida's borders (and the supplies NY Pizzeria purchased, imported, and used were produced for interstate commerce), and by regularly making and receiving interstate telephone calls, email inquiry and facsimiles (*see e.g.* http://nynypizzeria.com). In addition, NY Pizzeria had a location at the "TAMPA INTERNATIONAL AIRPORT" (*see* http://nynypizzeria.com/locations/).

13.     Plaintiff was "engaged in commerce" and employed in an enterprise "engaged in commerce" within the meaning of § 206 and § 207 of the FLSA. Plaintiff also had "Individual Coverage" via his job duties and his relationship with interstate commerce (as described in the preceding paragraphs). Plaintiff's job duties included, but are not limited to, the following work related to the Corporate Defendant's interstate commerce by: 1) handling and selling goods or materials that have been moved in interstate; 2) regularly making and receiving interstate telephone calls and email inquiries; 3) servicing or assisting interstate clients, customers, or vendors; 4) purchasing, picking up, or using supplies for the Corporate Defendant that were manufactured

4

beyond Florida's borders and/or transported interstate; 5) collecting payments from interstate clients, customers, or vendors; 6) contacting interstate and/or return clients, customers, or vendors; and, 7) handling phone calls from out of state persons and sometimes arranging for payments.

14.     The Individual Defendant Mr. Ferit resides in Hillsborough County, Florida; Mr. Ferit is an "employer," as defined under the FMWA. In addition, Mr. Ferit is an "employer," as defined under the FLSA, 29 U.S.C. § 203(d), as he has operational control over the Corporate Defendant and he is directly involved in decisions affecting employee compensation and hours worked by employees, such as the Plaintiff. Moreover, he controlled and still controls the purse strings of the Corporate Defendant.

15.     The Individual Defendant Mr. Novaku resides in Pasco County, Florida; Mr. Novaku is an "employer," as defined under the FMWA. In addition, Mr. Novaku is an "employer," as defined under the FLSA, 29 U.S.C. § 203(d), as he has operational control over the Corporate Defendant and he is directly involved in decisions affecting employee compensation and hours worked by employees, such as the Plaintiff. Moreover, he controlled and still controls the purse strings of the Corporate Defendant.

16.     The Individual Defendants owned or operated the Corporate Defendant (*i.e.,* NY Pizzeria) and they shared common offices, officers, and personnel, and they financially benefited from sharing the same employees (such as Plaintiff).

17.     The employees of the Corporate Defendant were all under the supervision of the Individual Defendants and they would regularly share and use employees between the companies during the workweek.

18.     The Individual Defendants regularly held and/or exercised the authority to hire and fire employees, to determine the work schedules for the employees, and to control the finances and operations of the Corporate Defendant.

19.     By virtue of having regularly held and/or exercised the authority to: (a) hire and fire employees of the Corporate Defendant; (b) determine the work schedule for the employees of the Corporate Defendant; (c) set the method and rate of payment for employees; and, (d) control the finances and operations of the Corporate Defendant, the Individual Defendants are an employer as defined by 29 U.S.C. § 201, *et seq*.

## GENERAL ALLEGATIONS

20.     Mr. Hyskaj is Albanian. He came to this country to make a better life for himself and his family. Unfortunately, he was taken advantage of by Defendants.

21.     Mr. Hyskaj began his employment with NY Pizzeria on November 27, 2014, as a cook/baker, working in the kitchen for NY Pizzeria's customers and clients.

22.     Throughout the entire time he was employed with NY Pizzeria, until he was terminated on October 23, 2017, Mr. Hyskaj worked the same schedule, totaling approximately 66 hours per week, estimated as follows:

> Wednesday 10:00 am to 12:00 am;
> Thursday 10:00 am to 10:00 pm;
> Friday 10:00 am to 2:00 am;
> Saturday 10:00 am to 2:00 am; and,
> Sunday 4:00 pm to 12:00 am.

23.     As an employee for NY Pizzeria's customers and clients, Mr. Hyskaj provided services and support necessary for NY Pizzeria to feed its customers and clients (*see, e.g.,* http://nynypizzeria.com/menu/).

6

24.     Mr. Hyskaj worked for NY Pizzeria since on or about November 27, 2014, until his employment was (*wrongfully*) terminated on or about October 23, 2017.

25.     While working for NY Pizzeria, Mr. Hyskaj worked more than 40 hours a week but was paid only hourly wages – HE WAS NEVER PAID OVERTIME.

26.     For example, between 2014 and October 2017, and throughout the time that Mr. Hyskaj worked at NY Pizzeria, Defendants paid Plaintiff an average weekly wage of **$125.00**, *in cash*, for all hours worked, including overtime hours.

27.     Between November 27, 2014 through March 4, 2017, NY Pizzeria did not pay Mr. Hyskaj the Florida minimum wage nor overtime.

28.     Mr. Hyskaj did not know whether he was being properly paid and/or (improperly) used by the Corporate and Individual Defendants.

29.     However, the Corporate and Individual Defendants knew they were using Mr. Hyskaj and improperly "valuing" Mr. Hyskaj's loyalty, work ethic, and services.

30.     On or about March 5, 2017, and thereafter until on or about October 23, 2017, NY Pizzeria paid Plaintiff by check, in the weekly gross amount of $792.00, thereby suggesting an hourly rate of $12.00 per hour ($792/66 hours).

31.     However, NY Pizzeria failed to pay any overtime during the 31-week period following March 5, 2017, in violation of the FLSA, which resulted in hundreds of hours of unpaid overtime.

32.     Defendants failed to keep accurate time records as required by the FLSA.

33.     Mr. Hyskaj worked without receiving wages for all hours worked.

34.     Mr. Hyskaj worked more than 40 hours per workweek (*he worked approximately*

*66 hours per week*), without receiving overtime for all hours worked.

35.     To the extent that Defendants assert otherwise, and throughout his employment with the Defendants, Mr. Hyskaj was improperly classified as exempt from minimum wage or overtime.

36.     During Mr. Hyskaj's tenure with the Defendants, Mr. Hyskaj satisfactorily performed all of the essential duties of his position.

37.     Mr. Hyskaj repeatedly asked the Corporate and/or Individual Defendants what was going on with his pay (and others working for Defendants); *that is*, he specifically objected to how he was being paid; *however*, Defendants did not adequately answer or return his questions or requests.

38.     Following Mr. Hyskaj's objection to the Corporate and Individual Defendants' unlawful conduct, Plaintiff was subject to adverse employment action by the Defendants based on his questions, requests, or objections, including being unlawfully terminated in or about October 2017.

39.     The Defendants' actions prevented Plaintiff from earning a livelihood, damaged Plaintiff's reputation, and caused Plaintiff mental anguish and emotional distress.

40.     Furthermore, during Plaintiff's tenure with Defendants, Defendants would unlawfully fail to pay Plaintiff minimum wage and overtime, in violation of the FLSA and Florida Minimum Wage Act, by frequently paying him "under the table and off the books."

41.     Plaintiff complained and objected to the Defendants unlawful conduct for violating the FLSA and Florida Minimum Wage Act, and he suffered the consequences for doing so by being terminated.

## THE COLLECTIVE

42.     Pursuant to 29 U.S.C. § 216(b), Plaintiff seeks to prosecute his FLSA claims as a collective action on behalf of all persons who are or were an employee (as defined above) at NY Pizzeria, at any time three (3) years before the filing of this complaint and through the entry of judgment in this case.

43.     Defendants are liable to this Collective under the FLSA for, *inter alia,* failing to properly compensate or pay employees minimum wage and overtime, in violation of the FLSA.

44.     There are several and many similarly-situated employees who have not been properly compensated for minimum wages or overtime wages under the FLSA, and who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

45.     Therefore, notice should be sent to the Collective pursuant to 29 U.S.C. § 216(b).

## VICARIOUS LIABILITY

46.     As set forth in the foregoing allegations of this Complaint, the Defendants, jointly, severally, and collectively, exercised control of and over the Plaintiff and the Collective.

47.     The Corporate and Individual Defendants, jointly, severally, and collectively, presented themselves as the ultimate employer of Plaintiff and the Collective.

48.     The Corporate and Individual Defendants, jointly, severally, and collectively, also maintained the employment records for the Plaintiff and the Collective.

## WILLFULNESS ALLEGATIONS

49.     As set forth in the foregoing allegations of this Complaint, Defendants are aware (or should have been aware) that Plaintiff and the Collective were not properly paid (or classified

as exempt from) the minimum wage and overtime protections of the FLSA or FMWA.

50.     Defendants are aware (or should have been aware) of their obligations under the FMWA and FLSA, such that they acted willfully (which, in the context of the FMWA or FLSA, is determined by a standard of recklessness) in failing to classify Plaintiff and the Collective as non-exempt, and/or by failing to pay minimum wage and an overtime premium for all hours worked in excess of 40 per workweek to employees who they knew (or recklessly disregarded) were primarily performing non-exempt duties.

51.     Defendants knew or had reason to know that Plaintiff and the Collective were not exempt from nor primarily performing non-exempt duties from the wage and hour protections, within the meaning of the FMWA and FLSA.

52.     Defendants willfully and repeatedly engaged in a policy, pattern, or practice of violating the FMWA and FLSA with respect to Plaintiff and other employees.

53.     Defendants failure to pay Plaintiff a minimum wage and an overtime premium for all hours worked in excess of 40 hours per week, and otherwise misclassifying him as exempt from overtime, was willful within the meaning of the FMWA and FLSA.

54.     Plaintiff retained the Komninos Law Firm and the Dixit Law Firm to represent him in this matter, and Plaintiff has agreed to pay a reasonable fee for their services.

## PLAINTIFF'S CAUSES OF ACTION

### COUNT I – CLAIM FOR UNPAID OVERTIME WAGES, UNDER THE FAIR LABOR STANDARDS ACT

55.     Plaintiff, on behalf of himself and the Collective, realleges and incorporates by reference the foregoing paragraphs, 1 through 54, as if they were set forth again herein.

56.     Plaintiff and the Collective were an "employee" of Defendants and Defendants were the "employer" of Plaintiff and the Collective.

57.     Plaintiff and the Collective consistently and regularly worked more than forty (40) hours per week without being compensated at one and one-half their regular rate of pay for all such excess hours.

58.     Plaintiff and the Collective were entitled to be paid at the statutory rate of one and one-half times his regular rate of pay for all hours worked more than forty (40) hours per week.

59.     Defendants have been, and continue to be, an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

60.     Defendants have engaged in a widespread pattern and practice of violating the FLSA, as detailed in this Complaint.

61.     Plaintiff consents in writing to be a party to this action pursuant to 29 U.S.C. § 216(b) (*see Exhibit A*, Plaintiff's consent is filed contemporaneously with this Complaint).

62.     The overtime wage provisions set forth in 29 U.S.C. §§ 201, *et seq.*, apply to Defendants.

63.     Defendants had a policy and practice of refusing to pay overtime compensation to Plaintiff and the Collective for hours worked more than 40 hours per workweek.

64.     Because of Defendants' willful failure to compensate their employees, including Plaintiff and the Collective, at a rate not less than one and one-half times the regular rate of pay for work performed more than 40 hours in a workweek, Defendants have violated and continue to violate the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

65.     Because of Defendants' willful failure to record, report, credit and/or compensate its employees, including Plaintiff and the Collective, Defendants have failed to make, keep, and preserve records with respect to each of its employees sufficient to determine the wages, hours, and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

66.     Because of Defendants' policy and practice of minimizing labor costs by underfunding the labor budgets for its business, Defendants knew or recklessly disregarded the fact that Plaintiff and the Collective were primarily performing manual labor and non-exempt tasks.

67.     Due to Defendants' failure to allocate enough labor budget funds, failure to take into account the impact of the underfunded labor budgets on the job duties of Plaintiff and the Collective; Defendants' actual knowledge, through their managers, agents, and auditors that the primary duties of Plaintiff and the Collective was manual labor and other non-exempt tasks; Defendants' failure to perform an analysis of the Plaintiff's and Collective's job duties to ensure that they were performing exempt job duties; and, Defendants' instituting a policy and practice that did not allow Plaintiff and the Collective to record all hours worked, Defendants knew and/or showed reckless disregard that its conduct was prohibited by the FLSA, 29 U.S.C. § 255(a).

68.     Because of Defendants' FLSA violations, Plaintiff and the Collective are entitled (a) to recover from Defendants their unpaid wages for all of the hours worked, as overtime compensation; (b) to recover an additional, equal amount as liquidated damages for Defendants' willful violations of the FLSA; and, (c) to recover their unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. §

216(b).

69.     Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies pursuant to 29 U.S.C. § 255.

70.     Plaintiff and the Collective are entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff and the Collective demand judgment against Defendants, jointly and severally, for the payment of all overtime hours worked by Plaintiff and the Collective for which Defendants did not properly compensate them at one and one-half their regular rate of pay, prejudgment interest in the event liquidated damages are not awarded, attorneys' fees and costs, and all other relief to which Plaintiff may be entitled at law or in equity.

## COUNT II – UNPAID MINIMUM WAGES, UNDER THE FAIR LABOR STANDARDS ACT

71.     Plaintiff, on behalf of himself and the Collective, realleges and incorporates by reference the foregoing paragraphs, 1 through 54, as if they were set forth again herein.

72.     Plaintiff and the Collective were an "employee" of Defendants, and Defendants were the "employer" of Plaintiff and the Collective.

73.     Defendants failed to pay Plaintiff and the Collective in violation of the minimum wage provisions of the FLSA.

74.     Plaintiff and the Collective were entitled to be paid at least the statutory minimum wage for all hours worked.

75.     Defendants failed to maintain proper time records as mandated by the FLSA.

76.     Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by their failure to properly classify or pay Plaintiff and the

Collective as an employee.

77.     Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by their failure to compensate Plaintiff and the Collective at the statutory minimum wage for all hours worked, when Defendants knew or should have known that such compensation was due.

78.     Due to the intentional, willful, and unlawful actions of Defendants, Plaintiff and the Collective have suffered damages.

79.     Plaintiff and the Collective are entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff and the Collective demand judgment against Defendants, jointly and severally, for the payment of all hours worked by Plaintiff and the Collective for which Defendants did not properly compensate them at the statutory minimum wage, prejudgment interest in the event liquidated damages are not awarded, attorneys' fees and costs, and all other relief to which Plaintiff and the Collective may be entitled at law or in equity.

### COUNT III – UNPAID MINIMUM WAGES, UNDER THE FLORIDA MINIMUM WAGE ACT

80.     Plaintiff realleges and incorporates by reference the foregoing paragraphs, 1 through 54, as if they were set forth again herein.

81.     Plaintiff was an "employee" of Defendants, and Defendants were "employer" of Plaintiff.

82.     Defendants failed to pay Plaintiff in violation of the minimum wage provisions of the FMWA.

83. Plaintiff was entitled to be paid at least the statutory minimum wage for all hours worked.

84. Defendants failed to maintain proper time records as mandated by the FMWA.

85. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FMWA, as evidenced by their failure to properly classify Plaintiff as an employee.

86. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FMWA, as evidenced by their failure to compensate Plaintiff at the statutory minimum wage for all hours worked, when Defendants knew or should have known that such compensation was due.

87. Due to the intentional, willful, and unlawful actions of Defendants, Plaintiff has suffered damages.

88. Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to the FMWA.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for the payment of all hours worked by Plaintiff for which Defendants did not properly compensate him at the statutory minimum wage, prejudgment interest in the event liquidated damages are not awarded, attorneys' fees and costs, and all other relief to which Plaintiff may be entitled at law or in equity.

## COUNT IV – UNJUST ENRICHMENT

89. Plaintiff realleges and incorporates by reference the foregoing paragraphs, 1 through 54, as if they were set forth again herein.

90. Defendants failed to pay or reimburse Plaintiff for expenses incurred while working for Defendants.

91. Plaintiff was damaged by Defendants' failure to pay or reimburse him for its work or expenses.

WHEREFORE, Plaintiff demands a judgment against Defendants, jointly and severally, for damages found to be due and owing, prejudgment interest in the event liquidated damages are not awarded, and such other relief as the Court deems just and equitable.

## COUNT V – VIOLATION OF FLORIDA WHISTLEBLOWER'S ACT

92. Plaintiff realleges and incorporates by reference the foregoing paragraphs, 1 through 54, as if they were set forth again herein.

93. This is an action for damages, injunctive relief, and declaratory relief against Defendants to address deprivation of rights secured by Section 448.101, *et. seq.*, Florida Statutes, known as the "Florida Whistleblowers Act" ("FWA").

94. This court has jurisdiction, and such jurisdiction is invoked, to secure protection of and redress deprivation of rights guaranteed by State Law, which rights provide for damages and other relief for illegal retaliation in employment.

95. Defendants are an employer within the meaning of the FWA.

96. Plaintiff was engaged in protected activity under the FWA when he objected to Defendants practice of diverting funds to avoid income and payroll tax liabilities in violation of federal and state law, rule, and regulations.

97. Defendants, engaged in a retaliatory personnel action when they discharged Plaintiff from his position with Defendants immediately following his objection to their unlawful business practices described above.

16

98.     Defendants failed to comply with their statutory duty to take all reasonable and necessary steps to eliminate retaliation from the workplace and prevent it from occurring in the future.

99.     Such unlawful conduct interfered with Plaintiff's emotional well-being.

100.    As a direct and proximate result of Defendants, its agents and or owners willful, knowing and intentional retaliation, Plaintiff suffered and will continue to suffer severe emotional distress, mental anguish, loss of earnings and other employment benefits and job opportunities, and loss of reputation.

101.    Plaintiff is thereby entitled to general compensatory damages under Section 448.103(2)(e), Florida Statutes, in amounts to be proven at trial.

102.    As a further direct and proximate result of Defendants' violation of the FWA, as heretofore described, Plaintiff has been compelled to retain the services of the undersigned counsel in an effort to enforce the terms and conditions of the employment relationship with Defendants, and has thereby incurred, and will continue to incur, legal fees and costs, the full nature and extent of which are presently unknown to the Plaintiff, who therefore will seek leave of Court to amend this Complaint in that regard when the same shall be fully and finally ascertained.

WHEREFORE, Plaintiff respectfully requests that this Court hold Defendants liable, jointly and severally, for the following relief: Declaration that Defendants violated the FWA; an injunction prohibiting Defendants from further violations of the FWA; an award of Plaintiff's back pay and compensation with interest for lost wages and fringe benefits which resulted from Defendants' violation of the FWA; an award of compensatory damages, including, but not limited to, damages for mental anguish, loss of dignity, loss of reputation and other intangible injuries; front pay; the cost of this action, including reasonable attorneys' fees and cost, pursuant to Section

448.104, Florida Statutes; prejudgment interest; and, such other and further relief as is just, equitable and proper.

### COUNT VI – RETALIATION

103.     Plaintiff realleges and incorporates by reference the foregoing paragraphs, 1 through 54, as if they were set forth again herein.

104.     Plaintiff complained to Defendants that he was owed proper compensation for all hours worked.

105.     Subsequent to Plaintiff's complaint to be paid wages, Defendants terminated Plaintiff's employment.

106.     Defendants failed to pay Plaintiff the wages due pursuant to the FLSA and the FMWA.

107.     Defendants failed to pay Plaintiff overtime due pursuant to the FLSA and the FMWA.

108.     Plaintiff was damaged by Defendants' retaliation after Plaintiff complained to pay him.

WHEREFORE, Plaintiff respectfully requests that this Court hold Defendants liable, jointly and severally, for the following relief: an award of compensatory damages, including, but not limited to, damages for mental anguish, loss of dignity, loss of reputation and other intangible injuries; prejudgment interest; and, such other and further relief as is just, equitable and proper.

### **PRAYER FOR RELIEF**

Wherefore, Plaintiff and the Collective are entitled to and pray for the following relief:

A.     An award of all damages for unpaid wages and compensation that are due to the Plaintiff and the Collective under the FMWA and the Plaintiff under the FLSA;

18

B.      An award of unpaid wages for all hours worked in excess of 40 in a workweek at a rate of one and one-half times the regular rate of pay under the FLSA;

C.      An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay for all hours worked in excess of 40 in a workweek at a rate of one and one-half times the regular rate of pay pursuant to the FMWA and FLSA;

D.      An award of damages to be proved at trial;

E.      An award of prejudgment and post-judgment interest in the event liquidated damages are not awarded;

F.      An award of costs and expenses of this action together with reasonable attorney's and expert fees and an award of a service payment to the Plaintiff; and

G.      Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff and the Collective hereby demand a trial by jury in the above-captioned action of all issues triable by jury.

Respectfully,
**DIXIT LAW FIRM**
*/s/ Shyamie Dixit*
Shyamie Dixit, Esq. (sdixit@dixitlaw.com)
Florida Bar No.: 719684
Robert L. Vessel, Esq. (rvessel@dixitlaw.com)
Florida Bar No.: 314536
3030 N. Rocky Point Drive West, Suite 260
Tampa, FL 33607

And,

**KOMNINOS LAW FIRM, P.A.**
Spiro T. Komninos, Esq.
4124 West Linebaugh Ave.
Tampa, Florida 33624
Tel: (813) 251-3444

19

Fax: (813) 251-3445
Email: spirolaw@hotmail.com
Website: www.klawfirmtampa.com
*Attorneys for Plaintiff*

# EXHIBIT A

## CONSENT TO SUE UNDER THE FLSA

I hereby consent to be a plaintiff in an action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and other statutes to secure, *inter alia*, unpaid minimum wages and overtime pay, liquidated damages, attorneys' fees, costs and other relief arising out of my employment with Woof Gang Bakery and Grooming, and/or any other associated parties.

I authorize Komninos Law Firm, P.A., and Dixit Law, P.A., and any associated attorneys as well as any successors or assigns, to represent me with my claims either individually or by joining my claims with others similarly situated. By signing this consent to sue, I understand that, if accepted for representation, I will be represented by the above attorneys without prepayment of attorneys' fees. I understand that if Plaintiffs are successful, costs and attorney fees will be deducted from my settlement or judgment amount on a *pro rata* basis with all other plaintiffs. I understand that the attorneys may petition the court for an award of fees and costs to be paid by defendants. I understand that the fees retained by the attorneys will be either the amount received from the defendant or forty percent of my gross settlement or judgment amount, whichever is greater.

| | |
|---|---|
| Signature | Address |
| Print Name | Email: |
| Busar Hysak | Phone: |

To be considered for representation, mail or deliver the completed form to **Spiro T. Komninos, Esq., Komninos Law Firm, P.A., 4124 West Linebaugh Ave., Tampa, Florida 33624, Office: (813) 251-3444,** or send by email (**spirolaw@hotmail.com**) or fax **(813) 251-3445**. This Consent to Sue is not in effect until you have received a copy from Komninos Law Firm, P.A., showing that it has been accepted and filed. If three weeks pass without a receipt, please call the Law Firm at **(813) 251-3444** to inquire.