UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BUJAR HYSKAJ, individually and on behalf of
all other persons similarly situated,

Plaintiff,

vs.   Case No: 8:18-cv-00397-MSS-TGW

NEW YORK NEW YORK PIZZA, LLC, a
Florida Limited Liability Company, and
MAMUDI FERIT, individually, and
ARBER NOVAKU, individually,

Defendants.
_____/

## JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND DISMISSAL WITH PREJUDICE

Plaintiff and Defendants, by and through their undersigned counsel, file this Joint Motion for Approval of Settlement Agreement and Dismissal with Prejudice and state the following in support thereof:

**I.   BACKGROUND**

This action was brought by Plaintiff BUJAR HYSKAJ as a collective FLSA action, against the named defendants, however the parties later agreed to proceed as an individual action, only, by Plaintiff against his former employers for, *inter alia*, unpaid minimum wages and overtime compensation under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA").

Defendant FERIT MAMUDI[1] ("Mr. Mamudi") is an owner of Defendant NEW YORK NEW YORK PIZZA, LLC ("New York Pizza"), and ARBER NOVAKU ("Mr. Novaku") was a manager of the subject New York Pizza's Ybor City location, which is one of several stores owned

---

[1] Mr. Ferit Mamudi is incorrectly named as MAMUDI FERIT.

by Mr. Mamudi. Plaintiff worked for New York Pizza during all periods relevant to this litigation, which was between November 2014 and October 2017.

It is important to note that, the parties attended mediation on Wednesday, April 10, 2019, with the mediator, Shane T. Munoz, at the mediator's office, Ford Harrison LLP, 101 E. Kennedy Boulevard, Suite 900, Tampa, Florida, 33602 (*see* D.E. 40). The parties settled this action during mediation.

## II     THE PROPOSED SETTLEMENT

All parties in the above-captioned action respectfully move this Court to approve the proposed mediated settlement agreement reached by the parties, during mediation, and memorialized in the Agreement of Settlement and Release of Claims ("Settlement Agreement") attached as **Exhibit A**. The Lawsuit asserts wage-and-hour claims under the Fair Labor Standards Act, 29 U.S.C. §§ 201- 219, by Plaintiff. The parties respectfully submit that the proposed Settlement is fair and reasonable and satisfies the criteria for approval under § 216(b) of the FLSA.

The Settlement was achieved during a lengthy mediation among the parties, conducted by experienced counsel and by an experienced mediator/litigator, Shane T. Munoz, as ordered by the Court. The Settlement achieves both sides' primary objectives. For Plaintiff, the Settlement ensures certainty and that the Plaintiff will be paid promptly. For Defendants, the Settlement ensures certainty and finality. Under the terms of the settlement, Defendants shall pay to Plaintiff a total of Twenty Five Thousand Dollars and No Cents ($25,000.00), which shall be allocated as follows:

    A.     A payroll check in the amount of $7,500.00 made payable to Bujar Hyskaj representing alleged unpaid wages and overtime compensation. This amount shall be treated as wages with the applicable taxes and legal deductions made ; and,

B. One check in the amount of $7,500.00 made payable to Bujar Hyskaj. No deductions shall be made from this check and a Form 1099 shall be issued; and,

C. One check in the amount of $10,000.00 made payable to his attorneys, Dixit Law Firm and Komninos Law Firm, P.A. for attorneys' fees and costs. No deductions shall be made from this check and a Form I 099 shall be issued.

Despite agreeing to resolve Plaintiff's claims in this case, Defendants continue to deny that Plaintiff is entitled to additional wages under the FLSA. Notwithstanding the factual and legal defenses that Defendants believe are applicable in this matter, Defendants determined that they preferred to amicably conclude the instant litigation, considering the cost and time associated with the ongoing defense of this case. Additionally, Defendants have considered the uncertainty and risks inherent in any litigation and Plaintiff likewise agreed that he preferred to amicably resolve the matter.

The parties stipulate that the settlement reached between them represents a "fair and reasonable" resolution of Plaintiff's FLSA claim for minimum wages, considering the factual disputes in this matter, and the term of Plaintiff's employment at issue. There was no fraud or collusion behind the settlement. Furthermore, additional litigation of this matter would have required extensive pre-trial work and at least a two (2) day jury trial. Moreover, if this matter reached a jury trial, Plaintiff may not have recovered any compensation in this matter.

Counsel for each of the parties agrees that the proposed settlement is fair in light of the contested issues in this case. Counsel for each of the parties affirm the above summary, which the Court can use to determine the fairness of the proposed settlement.

The parties have agreed to settle this dispute through the execution of a Settlement Agreement and Release (*see attached Exhibit A*). Additionally, the parties have agreed to dismiss this case with prejudice. For the reasons set forth above, in addition to the fact that the parties

were represented by competent counsel, who have experience in FLSA claims, the agreement is reasonable, and the parties respectfully request this Court to approve the Settlement Agreement and Release of Claims. The parties further request the Court to retain jurisdiction to enforce the terms of the Settlement Agreement and Release.

### III. <u>MEMORANDUM OF LAW</u>

In the Eleventh Circuit, in order to ensure that the employer is relieved of liability, a compromise of an FLSA claim for back wages must either be supervised by the Secretary of Labor or must be approved by the District Court. *See Lynn's Food Stores, Inc. v. U.S. ex rel. U.S. Dept. of Labor*, 679 F.2d 1350 (11th Cir. 1982). To approve the settlement, the court should determine that the compromise is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. *Id.* at 1354. If the settlement terms meet the aforementioned criteria, the Court should approve the settlement in order to promote the policy of encouraging settlement of litigation. *Id.*; *see also Sneed v. Sneed's Shipbuilding, Inc.*, 545 F.2d 537, 539 (5th Cir. 1977). When asked to review and approve the terms of settlement under the FLSA, there is a "strong presumption" in favor of approval. *Dail v. George A. Arab, Inc.,* 391 F.Supp. 2d 1142, 1146 (M.D. Fla. 2005).

The following factors are typically considered by the Court in determining the reasonableness of the agreement:

(1) the existence of fraud or collusion behind the settlement;
(2) the complexity, expense, and duration of the litigation;
(3) the stage of the proceedings and the amount of discovery completed;
(4) the probability of plaintiff's success on the merits;
(5) the range of recovery; and
(6) the opinions of the counsel.

*Hamilton v. Frito-Lay, Inc.*, 605-CV-592-ORL-22JGG, 2007 WL 328792 (M.D. Fla. Jan. 8, 2007) *report and recommendation adopted,* 6:05CV-592ORL-22JGG, 2007 WL 219981 (M.D. Fla. Jan. 26, 2007).

As to the *first factor*, there is no fraud or collusion behind the settlement. Both parties are represented by independent counsel, whom have zealously litigated these claims, and they settled with an experienced and respected mediator. The parties have exchanged written discovery and taken several depositions. Through discovery, Plaintiff's counsel received records for Plaintiff and performed an analysis. Plaintiff is receiving a fair recovery of his claims with little compromise.

As to the *second factor*, the complexity, expense, and duration of this litigation are average. The parties would have to expend significant time and resources in preparation for, and attendance of, trial, if the released claims were not resolved. Additionally, there is the possibility that the non-prevailing party may appeal the verdict, albeit the statistical possibility of an appeal cannot be presently ascertained. Moreover, the expense of litigation to the Defendants is far greater than the amount of the settlement. *Infra.*

As to the *third factor*, the litigation is in its middle stages, the parties having exchanged written discovery and responses and taken several depositions. Counsel efficiently resolved this case early on rather than prolonging the litigation and increasing their potential fees.

As to the *fourth factor*, there are several disputed issues of fact as to whether Plaintiff was paid the minimum wage and overtime to which he was entitled.

As to the *fifth factor*, the range of recovery was nearly a three-year period between November 2014 and October 2017, during which Plaintiff claimed losses. The parties recognize the inherent uncertainty in proceeding with this action, the preoccupation of litigation, the investiture of additional time to continue to litigate this case, and the additional expenditure of fees and costs that would occur. In recognition of these concerns, the parties have agreed to resolve this action as set forth in the attached Settlement Agreement (see attached Exhibit A).

As to the *sixth factor*, the parties' respective counsel are satisfied, when considering the aforementioned issues, that the Agreement fairly resolves the dispute between them in the instant action. "If the compromise is fair and reasonable to the employee and furthers the implementation of FLSA rights in the workplace, the court should approve the compromise." *Moreno v. Regions Bank*, 729 F.Supp.2d 1346 (M.D. Fla. 2010). The parties stipulate to the dismissal with prejudice of the instant action upon such court approval and request the Court to retain jurisdiction to enforce the terms of the agreement. Accordingly, the Parties request that the Court approve the Settlement Agreement as a fair and reasonable resolution of a bona fide dispute over FLSA provisions. *Lynn's Food Stores, Inc.*, at 1354.

WHEREFORE, the parties respectfully request that the Court enter an Order: (1) approving the terms of the attached Settlement Agreement and Release; (2) retaining jurisdiction to enforce the agreement, and (3) dismissing this action with prejudice.

Dated:

Respectfully submitted,                                          Respectfully submitted,

*/s/ Phillip J. Harris*                                          */s/Shyamie Dixit*
Phillip J. Harris (pharris@constangy.com)                        Shyamie Dixit, Esq. (sdixit@dixitlaw.com)
Florida Bar No. 44107                                            Florida Bar No.: 719684
Constangy, Brooks, Smith &                                       Robert L. Vessel (rvessel@dixitlaw.com)
Prophete, LLP                                                    Florida Bar No.: 314536
100 N. Tampa St. Suite 3350                                      Dixit Law Firm, P.A.
Tampa, Florida 33601-1840                                        3030 N. Rocky Point Drive West, Suite 260
Tel: (813) 223-7166                                              Tampa, FL 33607
Fax: (813) 223-2515                                              Telephone: (813) 252-3999
Email: david@labolaw.com                                         Facsimile: (813) 252-3997
**Counsel for Defendants**                                       *And,*
                                                                 Spiro T. Komninos, Esq.
                                                                 Florida Bar No.: 278660
                                                                 Komninos Law Firm, P.A.
                                                                 4124 West Linebaugh Ave.
                                                                 Tampa, Florida 33624
                                                                 Tel: (813) 251-3444
                                                                 Fax: (813) 251-3445

Email: spirolaw@hotmail.com
Website: www.klawfirmtampa.com
***Attorneys for Plaintiff***

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing is being emailed on April 11, 2019, to all counsel of record who are CM/ECF participants.

Respectfully submitted:
*/s/ Shyamie Dixit*
Shyamie Dixit, Esq. (sdixit@dixitlaw.com)
Florida Bar No.: 719684