UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**BUJAR HYSKAJ, individually and on behalf of all other persons similarly situated,**

    Plaintiff,

v.	Case No: 8:18-cv-397-T-35TGW

**NEW YORK NEW YORK PIZZA, LLC, a Florida Limited Liability Company, MAMUDI FERIT, individually, and ARBER NOVAKU, individually,**

    Defendants.

## ORDER

**THIS CAUSE** comes before the Court for consideration of the Parties' Joint Motion for Approval of Settlement Agreement and Dismissal with Prejudice ("the Motion"). (Dkt. 43) The Parties request that the Court approve the settlement of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, claim and dismiss the case with prejudice. (Id.) The Parties also request that the Court retain jurisdiction to enforce the terms of the Parties' FLSA Settlement Agreement. (Id. at 6)

A claim brought under the FLSA can be settled and resolved in two ways. First, an employee may settle and waive claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. 29 U.S.C. § 216(c); Lynn's Food Stores, Inc. v. U.S., 679 F.2d 1350, 1353 (11th Cir. 1982). Alternatively, an employee may settle and waive claims under the FLSA if the parties file a proposed settlement agreement with a district court, and the district court enters a

judgment approving the settlement. Lynn's Food Stores, Inc., 679 F.2d at 1353. To approve the settlement, the district court must determine whether the settlement agreement is a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues. Id. at 1354–55.

Plaintiff was employed by Defendants as a cook/baker for Defendants' Pizzeria establishment. (Dkt. 1) On or about February 15, 2018, Plaintiff filed this action against Defendants for, inter alia, violating FLSA's overtime compensation provision by allegedly failing to pay him for overtime work and failing to pay him minimum wages. (Dkt. 1) Defendants filed motions to dismiss, denied the allegations, and asserted several affirmative defenses in response. (Dkts. 21, 22, 39) Now, after conducting mediation, the Parties represent that they have reached an agreement to resolve the dispute. (Dkt. 43)

In exchange for, inter alia, a release from all liability, Defendants have agreed to pay a Settlement Sum of $25,000.00, which includes: (a) $7,500.00 to the Plaintiff for unpaid wages and overtime compensation (less applicable tax withholding); (b) $7,500.00 to the Plaintiff for liquidated damages; and (c) $10,000.00 to Plaintiff's counsel, Dixit Law Firm and Komninos Law Firm, P.A., according to the disbursement plan outlined in paragraph 1 of the FLSA Settlement Agreement ("Settlement Agreement"). (Dkt. 43-1 at ¶ 2) The Parties agree "that the settlement reached between them represents a 'fair and reasonable' resolution of Plaintiff's FLSA claim for minimum wages." (Dkt. 43 at 3)

Upon review of the Settlement Agreement, the Court finds that the Parties' Settlement Agreement is fair and reasonable. However, the Court's approval of this Settlement Agreement in no way alters any party's obligation to pay or withhold

appropriate sums for tax purposes in accordance with the requirements of the Internal Revenue Code.

Accordingly, it is hereby **ORDERED** that:

1. The Joint Motion for Approval of Settlement Agreement and Dismissal with Prejudice, (Dkt. 43), is **GRANTED in part and DENIED in part.**

2. The FLSA Settlement Agreement (Dkt. 43-1) is **APPROVED** and shall **GOVERN** the Parties' conduct in settlement of this civil action.

3. The Defendants shall disburse the Settlement Sum, including attorney's fees and costs as set forth herein and in paragraph 1 of the Parties' FLSA Settlement Agreement.

4. This case is **DISMISSED WITH PREJUDICE**. Each party shall bear its own legal fees and costs, except as specified in the Parties' FLSA Settlement Agreement. **No retainer agreement between the Plaintiff and counsel shall override or alter the amount of settlement proceeds due to the Plaintiff in accordance with the terms of the settlement agreement as approved by this Order. Counsel shall provide a copy of this order to their respective clients.**

5. The Court declines the Parties' specific request to retain jurisdiction to enforce the terms of the FLSA Settlement Agreement. To the extent that court intervention is necessary to resolve any dispute concerning the Settlement Agreement after the case is finally resolved, an independent basis for jurisdiction would have to be established in order for such dispute to be resolved in this Court. See Kokkonen v. Guardian Life Ins. Co. of

Am., 511 U.S. 375, 378 (1994) ("Enforcement of the settlement agreement, however, whether through award of damages or decree of specific performance, is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction.").

6. The **CLERK** is directed to **TERMINATE** any pending motions and **CLOSE** this case.

**DONE** and **ORDERED** in Tampa, Florida, this 4th day of June, 2019.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

Copies furnished to:
All Counsel of Record
All *Pro Se* parties